WILLIAM G. GRANT *v.* MATILDA ·CARPENTER and others.

Where a father, by will, gave his real estate to his son in fee, by the technical words "*to him and his heirs forever*," although it was evident from the context that he did not suppose that his son could aliene the estate unless the word "assigns" was added to the limitation ; and thereafter, in a certain contingency, and requiring the assent of certain persons to alienation by his son, he again limits the estate to his son, "to him, his heirs and assigns forever ;" *Held,* that the son took an estate in fee simple and without restriction as to alienation ; the court refusing to correct the mistake of the father, by construing the estate of the son to be less than his father plainly intended to give him.

THIS was a bill in equity, filed by the only child and devisee of the late Cyrus Grant, of Providence, for the purpose of obtaining a construction of the will of the said Cyrus, and directions as to the administration of his estate, dependent upon the interest of the complainant in the real estate devised to him by said will. The complainant was under guardianship, as a person incapable of managing his property, and filed the bill by his next friend, Edward P. Knowles, who was his guardian, and also administrator with the will annexed on the estate of the said Cyrus Grant,—Mawney Carpenter, the only executor appointed by the will who qualified, having resigned his trust. The defendants were, after the complainant, the next of kin of the said Cyrus Grant, and certain persons, who as the attorneys of said Cyrus, so called in his will, claimed, under the same, to control the disposition of his real estate. The bill alleged that the real estate of the complainant above devised to him, was subject to a debt of between three and four hundred dollars, due to the said Mawney Carpenter, the late executor, and to a debt of about seven hundred dollars, due to the said Edward P. Knowles, administrator, with the will annexed, upon settlement of their respective accounts with the municipal court exercising probate jurisdiction of the city of Providence, and that there were no means of satisfying these debts and of supporting the complainant, but by the sale of the real estate left to him by the will of his father, which sale the defendants obstructed and prevented, by their pretended claims.

The will of Cyrus Grant, dated the 8th day of April, 1848, was proved on the 10th day of July, 1849, and was, in its material parts, as follows :

"*First.* I give and bequeath to my sister, Molly White, the wife of Elijah White, of Cumberland, one hundred dollars, to be paid to her by my executors herein named, immediately after this will shall be proved and established by the probate court.

"*Second.* I give and devise, and bequeath to my son, William G. Grant, all the rest and residue of my estate and estates, both real and personal, that shall remain after my just debts and funeral charges shall be paid, to him and his heirs forever; but in case of sickness or other casualty happening to my said son, so that the profits and income of my said estates shall be insufficient to clothe and board him comfortably, I hereby give and devise to my said son, all my said estates, to him, his heirs and assigns, forever, that he may sell so much of my said estates, as my executors herein named may think necessary for his support during his natural life.

"*Thirdly.* I hereby constitute and appoint William Randall, of North Providence, in said state, and Mawney Carpenter, of said city, and my sister, Matilda Carpenter, the wife of Ezekiel Carpenter, my attorneys, to superintend my said estates after my decease, and to see that my said son shall have all the necessaries and conveniences that his situation in sickness and health may require; and they are to determine whether any or all my estates shall be sold for the benefit of my said son, as before mentioned.

"*Lastly.* I hereby nominate and appoint the aforenamed William Randall and Mawney Carpenter, executors of this my last will and testament, hereby revoking and annulling all other and former wills by me made, and establishing this and this only, as my last will and testament."

The case was heard upon the bill and answers; and from these it appeared that Mawney Carpenter, the only executor who accepted the trust, had resigned, and that Edward P.

Knowles, by whom the complainant sued, was appointed administrator, with the will annexed, on the estate of said Cyrus Grant, and was acting in that capacity; the estate being yet unsettled. Some of the answers claimed, that the complainant took only a life estate under the will, in the real estate devised to him by the said will, with a power to sell so much of the same as the executors and attorneys appointed by the will might determine to be necessary for the proper subsistence of the complainant. These answers relied upon certain parol declarations of the testator, which they set forth, in aid of this construction.

*J. P. Knowles*, for the complainant, insisted that the complainant's estate was in fee, subject only to the claims against the estate of the testator.

*Wm. H. Greene*, for the respondents, claimed that the complainant took an estate for life only, with a limited power of sale, and cited *Smith* v. *Bell*, 6 Peters, 68, and cases there cited.

AMES, C. J. The testator evidently intended, that his only child and sole devisee should take a fee simple in his real estate; and for that purpose limits it to him, by the technical words, "*to him and his heirs forever*," and with no limitation over. He supposed, however, that the power to aliene such an estate did not result from its nature thus declared, but from the addition of the word "assigns" to the word "heirs;" and, accordingly, immediately after, in case, from sickness or other casualty the income of the estate should prove insufficient for his son's support, he gives the estate "to him, his heirs and *assigns* forever, *that he may sell* so much of my said estates as my executors herein named may think necessary for his support during his natural life;" and then goes on to appoint "attorneys to superintend" his estates after his decease, and to see that his son has all the necessaries that his situation might require, and to determine whether any or all of his estates should be sold to supply them. It is almost unnecessary to say, that in these respects the testator was mistaken; that the word "assigns" in the limitation of a fee, is not requisite to give it the quality of alienability, and that when such an estate is given

Grant *v.* Carpenter and others.

by the technical words, this quality cannot be restricted, for the reason that such a restriction is inconsistent with the nature of the estate. We are asked to correct the testator's mistake by giving the son an estate for life only ; but this we cannot do against his plain intention technically expressed. In other words, we cannot make a will for him, although we see that he was ignorant of the nature of the estate which he designed that his son should take. The main intent was to give a fee, and this must prevail over the restriction and the machinery by which it was to be adjusted to circumstances. The mistake of the testator is utterly harmless as events have turned ; because, as the son is under guardianship, no sale of his real estate can take place, except by the direction of the court of probate and under its superintendence.

It will be noticed, too, that if we should construe the estate of the complainant under the will to be for life only, the remainder in fee, being wholly undisposed of, would, upon the death of his father, have descended to him as sole heir at law. In that event, his life estate under the will would have united with and merged in the remainder in fee which he had inherited, and he would in that way have become a tenant in fee simple of the property, with all the rights of such a tenant.

The whole purpose of the bill will be answered, by a decree declaring that William G. Grant took, under the will of his father, the late Cyrus Grant, an estate in fee simple in all the real estate devised to him, and without restriction as to alienation.